Frank Perkins and Lena Perkins, Plaintiffs, v. Consolidated Estates Company, Defendant.—Order reversed, without costs, and motion granted, without costs, on the authority of *Birmingham* v. *Squires* (139 App. Div. 129). All concurred.

The People of the State of New York ex rel. The New York Central and Hudson River Railroad Company v. Egburt E. Woodbury and Others, Together Constituting the State Board of Tax Commissioners, and the City of Buffalo.— Motion denied.

Nathan J. Packard, Substituted as Plaintiff for The Ulster County Savings Institution, Respondent, v. Anna E. Lyon and Grace Parker Lyon Appellants, Impleaded with Others.— Order affirmed, without costs. All concurred.

Quayle & Son, Respondent, v. Lawson Hose Company, No. 5, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concurred.

Saranac Land and Timber Company, Respondent, v. James A. Roberts, as Comptroller of the State of New York, Appellant. (Action No. 1.) — Judgment and order unanimously affirmed, with costs.

Saranac Land and Timber Company, Respondent, v. James A. Roberts, as Comptroller of the State of New York, Appellant. (Action No. 2.) — Judgment and order unanimously affirmed, with costs.

Viola Wasson, Appellant, v. City of Oneonta, Respondent.— Judgment affirmed, with costs. All concurred, except Kellogg and Houghton, JJ., who dissented on the ground that it is question of fact as to whether the city used reasonable care in ascertaining whether or not a proper guard was maintained.

---

## SECOND DEPARTMENT, OCTOBER, 1912.

HELEN W. BIGGS, Respondent, *v.* SEA GATE ASSOCIATION, Appellant.

*Real property — sale — representations as to water and sewer systems — right to compel installation—false representations by purchaser.*

Appeal by the defendant from a judgment of the Special Term in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of July, 1911.

PER CURIAM: The learned court at Special Term has found, and the evidence sustains the finding, that when plaintiff purchased the premises in question abutting on Beach Fiftieth street, at Sea Gate, no water or sewer pipes had ever been laid through said street, and that plaintiff knew such was the fact. Was the defendant under a legal obligation which plaintiff could enforce to install a system of sewers and water supply for the benefit of plaintiff's land? The court at Special Term has also found, as a conclusion of law, that plaintiff, as the successor in title of James McAlley when she purchased the property in question, acquired the right to use the sewer and water systems belonging to defendant existing at Sea Gate. Without determining this question, if we concede this to be so, this would not necessarily include the right to compel defendant to extend such

system. By her deed plaintiff acquired no interest in the fee of the strip of land laid down on the map as Beach Fiftieth street, but this belonged to defendant. While she may have acquired an easement of access over the same, she could not acquire an easement therein for water supply or sewer system, for no such system was in existence. If she had a right to make use of such sewers and pipes for water supply as were then in existence elsewhere, she could not compel defendant to furnish her facilities for connecting with the same over other land belonging to it. If plaintiff can avail herself of the representations contained in the maps and prospectus issued by the Norton Point Land Company, these related only to an existing state of affairs, and not to something still to be done. The advertisements, prospectus and pamphlets issued to attract customers by the Norton Point Land Company contained statements such as the following: "The company has *completed* a system of macadamized roads, and sewer, water and gas mains extend beneath." "The improvements that *have been made* upon the property by the Norton Point Land Company comprise some 25,000 feet of macadamized street, curbs, sidewalks, water, gas and an underground electric lighting service, together with a perfect system of sanitary sewerage for which improvements there will·be no assessments, Sea Gate being a fully finished property." "The sewerage system which *has been* introduced, together with the water and gas mains and the electric light service, have all been built in the most substantial manner under the supervision of the company at a cost of over $300,000, which is in itself a guarantee of its permanency." And again: "All sales made subject to approval of the company. All improvements introduced, sewers, macadamized roads, water, gas and electricity, with no assessments to purchasers." There was not only no representation that the "system" had been completed through Beach Fiftieth street, but there was not even a promise therein contained that it would ever be constructed there. Plaintiff's rights, if any, must, therefore, be contractual in character, and must depend upon such rights as she acquired as a member of the Sea Gate Association. Considering the character of such association, these rights were subject to reasonable regulation for the benefit of the other members thereof. We deem the regulation adopted prior to plaintiff's purchase, and of which she had knowlledge, to the effect that the capacity of its water and sewer system should not be further burdened by subjecting the same to the use of buildings erected for boarding houses, lodging houses, inn or hotel purposes, a reasonable regulation. Therefore, when plaintiff, in order to induce defendant to extend its water and sewer system over other lands belonging to it or under its control so as to permit her to make connection with and use the same, falsely represented that the building which she was constructing was a private residence, she in effect said that it was not to be used for either of the prohibited purposes. In making such statement she was guilty of a false and fraudulent representation as to a material fact. By means of this, defendant was induced to agree to furnish facilities to her that it was not otherwise obliged to provide. When the falsity of these representations appeared, defendant was authorized to withdraw

from its agreement and sever plaintiff's connection with the sewer and water pipes which, induced by such false representations, it had caused to be laid. The judgment should be reversed, both upon the facts and the law, and a new trial granted, costs to abide the final award of costs. Jenks, P. J., Burr and Thomas, JJ., concurred; Woodward and Rich, JJ., voted to affirm upon the opinion at Special Term. Judgment reversed and new trial granted, costs to abide the final award of costs.